RIVERS *v.* EASTMAN COTTON OIL CO.

(Division B. Feb. 9, 1931. Suggestion of Error Overruled, March 9, 1931.)

[132 So. 327. No. 29179.]

**Boone & Lowrey,** of Marks, for appellant.

**A. A. Pogue,** of Marks, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Mrs. Rivers was a leaseholder of a certain plantation in Quitman County, Mississippi, which plantation was managed and operated for her by her husband. The husband had full control of the operation and management of the plantation and bought supplies, hired the labor, etc., on money mostly borrowed by Mrs. Rivers from the bank. He also sold the cotton and tended to all the business of the plantation. During the year 1926 the husband of Mrs. Rivers, whose name was B. D. Rivers, went to the Eastman Cotton Oil Company and borrowed two hundred fifty dollars, stating that he wanted the money for the purpose of operating the plantation until the cotton opened sufficiently to finance it from that source. He secured the money and gave his individual note for it, the Eastman Cotton Oil Company not knowing that he was not operating the plantation himself on his own account. Mr. Rivers died during the year, and when the note became due it was not paid; payment being refused, suit was brought.

The court below granted a peremptory instruction for the plaintiff, the Eastman Cotton Oil Company, the facts being in substance as above stated. Section 1943 of the Code of 1930, section 2521, Code of 1906, provides:

"Husband and wife shall not contract with each other, so as to entitle the one to claim or receive any compensation from the other for work and labor, and any contract

between them whereby one shall claim or shall receive compensation from the other for services rendered, shall be void; and it shall not be lawful for the husband to rent the wife's plantation, houses, horses, mules, wagons, carts, or other implements, and with them, or with any of her means, to operate and carry on business in his own name or on his own account, but all business done with the means of the wife by the husband shall be deemed and held to be on her account and for her use, and by the husband as her agent and manager in business, as to all persons dealing with him without notice, unless the contract between the husband and wife which changes this relation, be evidenced by writing, subscribed by them, duly acknowledged, and filed with the chancery clerk of the county where such business may be done, to be recorded as other instruments.''

There was no contract in writing between the husband and the wife as to the management of the plantation, and none was of record, and, as stated, the plaintiff had no knowledge of any limited authority. The statute makes the husband the general agent of the wife in the operation of her business by him or with her means. As he procured the money with the statement that it was for the purpose of completing the crop until it could be gathered, and there is no showing that the money went to a private purpose of his own, the judge below was clearly correct in granting the peremptory instruction for the plaintiff. See annotations under the above-quoted section of the Code of 1930.

Affirmed.